His Honour JOHN TREADWELL, LIEUTENANT-
GOVERNOR,

HONOURABLE OLIVER ELLSWORTH,
HONOURABLE WILLIAM HILLHOUSE,
HONOURABLE JOHN CHESTER,
HONOURABLE ROGER NEWBERRY,
HONOURABLE ASHER MILLER,
HONOURABLE AARON AUSTIN,
HONOURABLE JONATHAN BRACE,
HONOURABLE CHAUNCEY GOODRICH,
HONOURABLE ELIZUR GOODRICH,
HONOURABLE MATTHEW GRISWOLD,
HONOURABLE STEPHEN T. HOSMER, and
HONOURABLE HENRY CHAMPION,

ASSISTANTS.

---------- ✳ ----------

## Owen *v.* Mann.

1807.

In the Court below,

DAVID OWEN, *Plaintiff*; ANDREW MANN, *Defendant.*

THIS was an action of ejectment.

On trial to the jury, under the general issue, the defendant claimed title to the land in question by virtue of a convey-

In an action of ejectment, the defendant claimed title to the demanded premises under B. to whom he had given his note for the purchase money. B. had indorsed this note to C. who, after the suit was commenced, applied to the defendant for payment, which was made under an agreement, that C. should retain the note, and if judgment should be rendered against the defendant, should refund the money, and resort to B. on the indorsement. B. it appeared, was a man of property. Held, that C. thus situated, was so far interested in the event of the suit, as to render him an incompetent witness for the defendant.

1807.

OWEN
*v.*
MANN.

ance from the plaintiff to *Josiah Barber,* and from *Barber* to the defendant. The latter conveyance containing a covenant of warranty, *Barber* had been vouched in to defend.

The plaintiff claimed, that his conveyance to *Barber* was void, on the ground of his own insanity at the time of executing it. To prove his insanity, he offered in evidence the confessions of the defendant, made before his deed from *Barber,* and before he had any interest in the land. This evidence being objected to, it was ruled, by the court, to be inadmissible for the purpose for which it was offered ; but was admitted to shew science in the defendant of the state of *Barber's* title.

To prove the issue on the part of the defendant, *Joel Jones,* Esq. was called as a witness. Being examined on oath as to his interest, he said, that at the commencement of this suit, he held a promissory note given by the defendant to *Barber,* to secure a part of the purchase money of the land, which had been assigned by *Barber* to the witness ; that the defendant afterwards refused to pay the note, until there should be a final trial of the case ; that the witness, to induce the defendant to advance the money, entered into a written agreement with him, whereby the witness was to refund the money, and resort to *Barber,* who was a man of property, on his indorsement, if judgment should be rendered against the defendant, but if in his favour, to retain it as payment ; and that the defendant, upon these terms, paid the amount of the note to the witness. The plaintiff then objected to the witness as incompetent, on the ground of interest in the event of the suit. The court over-ruled the objection ; and admitted the witness.

The plaintiff filed his bill of exceptions : and having brought a writ of error thereon, assigned for error,

1. That the evidence offered by the plaintiff was rejected.

2. That the witness called by the defendant was admitted.

*Peters*, (of Hebron,) for the plaintiff.

1. The admissions of a party on the record, as to any facts material to the issue, are always to be received. (*a*) This rule extends even to cases, where the party is merely a trustee. (*b*) But the defendant has an interest. He is in possession of the land ; and a judgment against him takes it from him. Before the defendant purchased the land, he was in possession of facts material to the plaintiff's title. It is now unreasonable and absurd, that the plaintiff should be deprived of his testimony as a witness, by his having become interested, and, at the same time, be denied the benefit of his admissions as a party, on account of his indifference.

2. *Jones* was clearly interested in the event of the suit. A judgment against the defendant would take a sum of money out of *Jones's* pocket. He could obtain a reimbursement of that sum only by a suit on the note, first against the maker, and then against the indorser. This would be attended with trouble, and expense, and delay. Besides, though the indorser were, at the time of trial, solvent, he might not be so, at a future period. *Jones's* situation could, in no event, be any better, by a judgment against the defendant, and it might be much worse : Worse, in some degree, it must be. *Jones's* interest was, at least, as great as that of bail ; but would bail be competent, because the principal was a man of property ?

*Daggett*, for the defendant.

The plaintiff in error complains of this judgment chiefly

(*a*) *Peake's Ev.*
(*b*) 7 *Term Rep.* 663, *Bauerman* v. *Radenius*. *Trin.* 30 *Gov.* 3. *Craib & Ux.* v. *D'Aeth*, 7 *Term Rep.* 670 in note.

1807.

OWEN
v.
MANN.

for the rejection of the proof of the declarations of the defendant, and the admission of *Jones* as a witness.

1. It is said, that the declarations of a party to a suit, *against himself*, are always admitted in evidence ; and to shew this, *Bauerman* v. *Radenius* (*c*) is cited. Lord KENYON, in that case, to be sure, lays down the rule in very broad terms ; but we must look for the reason and spirit of the rule. The declarations of a man *against his interest* are evidence ; but in the case at bar the declarations of the defendant were made before his title accrued, and while he was tolly disinterested on every point in this case. They are, then, mere opinions, and, of course, not admissible. The spirit of the rule appears in all elementary writers. In *Peake's Evidence p*. 11, 12, it is laid down as above stated. The maxim *cessante ratio, cessat et ipsa lex*, applies, with force, to this point in the case.

2. It is said, *Jones* was interested in the event of the suit, and therefore an incompetent witness. We answer, *Jones's* interest was exactly balanced, and therefore he was admissible. (*d*)

BY THE COURT. An action of ejectment was brought by *Owen* against *Mann ;* and the controversy between them solely regarded *the title* to the estate demanded. The defendant claimed to hold under a deed with warranty from one *Barber*, to whom he had given his note for the purchase money. The note was assigned by *Barber* to one *Jones ;* and after the commencement of the ejectment, the latter applied to the defendant for payment. This the defendant refused, until a final trial of the action should ascertain, whether the money was equitably due. Eventually, however, he made payment of the note on this condition, that *Jones should refund and pay back the money, if judgment in the suit aforesaid, should be rendered against the defendant.*

(*c*) 7 *Term Rep.* 663.
(*d*) *Peake's Ev.* 154, 165. 1 *Stra.* 575. 7 *Term Rep.* 480, 481.

To this effect *Jones* executed a covenant, in which it was agreed, that the note should remain in his possession, as if nothing had been advanced upon it, so that in the event of a recovery by *Owen* against the defendant, he might take his remedy against *Barber*, his indorser. *Barber*, it appeared, was a man of property.

At the trial, the defendant offered *Jones* as a witness ; to whose admission the plaintiff objected, that he was interested in the event of the suit. The Court, however. admitted him ; and to reverse the judgment on this ground, is the object of the present writ of error.

That an interest in the event of a suit, however trivial, disqualifies a person from being a witness ; and that *Jones* was interested in the determination of the action under consideration, are propositions too clear to admit of controversy. If judgment should be rendered against the defendant, the covenant of *Jones* obliged him, immediately to refund the money paid to him. He then was directly interested to defeat the action of the plaintiff.

It has been said, that if the plaintiff should recover, *Jones* would have his remedy against *Barber* upon his indorsement ; and that this right of action renders him totally *indifferent* between the parties.

It cannot be denied, that if the interest of a person in favour of one party, is counteracted by *an equal interest* in behalf of the other, he is a competent witness. (e) But, if there be the least *inequality* of interest, that is, if a recovery on one side is more interesting to the person in a pecuniary view than on the other, he cannot be admitted to testify. The law demands, that witnesses should be *wholly indifferent*, with minds entirely free from any pecuniary bias in favour of either party. Hence, it has been determined,

(e) *Peake's Ev.* 154, 165. 1 *'Esp. Rep.* 332. 7 *Term Rep.* 480,1.

that if the proffered witness has an interest to the amount of a moiety of the costs, this shall effectually exclude him. (*f*)

It is manifestly clear, that *Jones* was not this *indifferent* witness. If judgment should be rendered against the defendant, he would be obliged *immediately* to refund the money received of *Mann*, while his demand for a similar amount of *Barber*, might long be postponed, be sought after with great expense, and eventually fail, through *Barber's* insolvency. The obligation to refund, in the event of a judgment against the defendant, would *be certain*; but the reimbursement by *Barber*, at best, would be *contingent*.

That bail cannot testify for his principal, is too well settled to require the formality of proof. (*g*) But the condition of bail in point of *disinterestedness*, in all respects, is equal to that of *Jones* in the case under discussion, and in one particular, preferable. A judgment against the principal, is not *necessarily* accompanied with an obligation of payment upon the bail. The money *may* be collected of the principal; and the attempt *must* be made, before the bail can be subjected.

If, however, the judgment is not satisfied by the principal, then the bail may be compelled to pay it. At this precise point of time, the condition of bail and that of *Jones* are perfectly parallel. Each is obliged to satisfy the judgment which subjects him, and each has a hold upon another for indemnity.

It has been determined, that, although a plaintiff be barely a trustee for another, he is an incompetent witness for him. For he is personally answerable, in the first instance, for the costs of suit; and the *chance* he may have of indemnity from the person for whom he acts, does not remove the

(*f*) 1 *'Esp. Rep.* 103, *Young* v. *Bairner.*
(*g*) 1 *Term Rep.* 164.

interest which the *certain* liability creates. (*h*) The case of *The King* v. *The Governor and Directors of the poor of St. Mary Magdalen Bermondsey* (*i*) extends the full length of the present case.

The Court is, therefore, of opinion, that *Jones* was not a competent witness ; and the judgment of the Superior Court must be reversed.

(*h*) *Peake's Ev.* 149.    (*i*) 3 *East* 7.