The action stood continued nisi, for advisement, and at the following November term, in Suffolk, the opinion of the Court was delivered by
Parsons, C. J.
The Court have already had before them, in the case of the present plaintiffs vs. Gould, the written instrument, signed by the several proprietors of this turnpike, to entitle them to their respective shares, and to make them members of the corpora tian, who now bring this suit. In that action we were satisfied that, by the terms of that instrument, the corporation could not, by law, *90 maintain an action to recover damages of any proprietor for his delinquency in not paying the assessments on his shares; and that the sale of the shares of the delinquent proprietor was the only legal remedy of the corporation. We have seen no reason to change our opinion, and judgment must be rendered in favor of the defendant, unless the parole evidence of his declaration should, in law, amount to a legal contract to pay his assessments.
It appears, from the report, that the defendant originally subscribed but for two shares ; and that he afterwards, at a meeting of the proprietors, added two more shares to his subscription; and in open meeting, when speaking of the expenses of making the turnpike, declared, that if 1000 dollars was not enough, he would spend 2000 dollars, and if that was not enough, he would spend half of his estate. This declaration, the plaintiffs contend, is evidence of a contract between the defendant and the corporation, amounting to an agreement with them, that, in consideration of his being permitted to subscribe for four shares instead of two, he would pay all the sums assessed on those shares, so that they should not exceed half his estate, which it is agreed they did not.
But we are satisfied that the plaintiffs cannot prevail [ * 107 ] on * this ground. There is no evidence that the defendant made the declaration previous to his additional subscription, or that the declaration was in consequence of any permission to take more shares. The plaintiffs, therefore, fail in proving the consideration. The declaration was not reduced to writing; and if it amounted to a contract, each party must contract. But we cannot admit that a corporation can make a parole contract, unless by the intervention of some agent, or attorney, duly authorized to contract on their part. This declaration was not made to any such agent, or attorney, but in open meeting to all the corporators present. Nor can we admit that a parole declaration, made to the corporators at a corporate meeting by any individual, can amount to a contract between the individual and the corporation.
If there could be any doubt as to the legal effect of this declaration, it might be observed, that it is not to be presumed that the defendant contemplated the taking of his four shares upon terms different from those on which the other proprietors held theirs. And his declaration of the moneys he would spend, rather than the projected turnpike should fail, expresses his motive for doubling his subscription, rather than an intention to make a new contract.
Let the verdict for the plaintiffs be set aside, and a general verdict for the defendant be entered.