## M. DE LA FAYETTE CHESLEY *versus* CHARLES G. ST. CLAIR.

In an action of trover by the bailee of a chattel against a stranger, the bailor is not a competent witness for the bailee, to prove the general property to be in the bailor.

THIS was an action of trover for a horse, saddle and bridle. The cause was tried here at the last term upon the general issue. The plaintiff, to maintain the issue on his part, proved that one *Benjamin Hodgdon* had bailed the articles mentioned in the writ, to him to ride to *Dover.* The defendant denied that *Hodgdon* had any interest in the article, and introduced evidence to shew that the property was his own. Upon this the plaintiff called *Hodgdon* as a witness, to prove that he, *Hodgdon,* was the lawful owner of the property. The defendant objected to the admission of *Hodgdon* as a witness, on the ground that he, having bailed the property to the plaintiff, was interested in the event of the suit ; but he was admitted, and the jury returned a verdict for the plaintiff.

*J. Mason,* for the defendant, moved the court to set aside the verdict and grant a new trial, on the ground that *Hodgdon* was an incompetent witness, and the cause was continued for advisement.

*Ichabod Bartlett* and *James Bartlett,* for the plaintiff.

RICHARDSON, C. J. The question is, whether in an action of trover, brought by the bailee of a chattel against a stranger, the bailor is a competent witness for the bailee to prove the general property in himself? There is such a privity between the bailor and the bailee of chattels, that a recovery by one in an action of trespass or trover against a stranger for taking the goods, is, in general, a bar to an action by the other.(1.) And a recovery by the bailee in trespass or trover against a third person operates as a transfer of the property or chattel to such third person.(2.) *Solutio pretii emptionis loco habetur.* It seems to follow that whatever may be recovered in such a suit by a bailee, must be recovered to the use of the bailor, as much as if it were recovered upon

(1) 2 Roll. Ab. 569, li. 20.—2 Saund. 47, note 1.
(2) Jenkins' Cen. 56, 189, case 88.

Chesley
*vs.*
St. Clair.

(1) Buller's N. P.
243.—1 L. Raym.
744.—Phillips'
Ev. 232.

(2) 5 D. & E.
578, Buckland
vs. Tankard.—
2 Day 399, Owen
vs. Mann.

(3) 2 Roll. Ab.
569, li. 20. — H.
H. 4, 23, pl. 46.

a contract of sale of the chattel by the bailee, with the assent of the bailor. And it has been held that a verdict in favor of the bailee may be used in evidence in an action by the bailor against the bailee.(1.) If this be law, it is clear that *Hodgdon* was an incompetent witness.

It is very clear that a recovery by the bailee betters the situation of the bailor, because it settles the question of property ; and this has been held sufficient to exclude a witness.(2.)

There may be cases, however, in which the bailor will be a competent witness for the bailee. Thus if the goods are wrongfully taken from the bailee, and he obtains possession of them again, or if the bailors release the property to the trespasser, and the bailee bring trespass to recover the damages he may have sustained by being deprived of the possession, as it seems he may,(3) in such case there seems to be no reason why the bailor should not be a witness for the bailee ; for it is clear that he can have no interest in the recovery.

In the present case, as the object of the suit is to recover the value of the property, and as the only question between the parties is, whether the property belonged to *Hodgdon* or the defendant, we are of opinion that *Hodgdon* was an incompetent witness for the plaintiff, and that the verdict must be set aside and a new trial granted.