## MAINE STAGE COMPANY *vs.* BENJAMIN LONGLEY.

The bailor of goods is a competent witness for the bailee, when he has no interest in the event of the suit.

Where a deposition has been regularly taken in a cause, and has not been left on the files after the first term by the party, he cannot use it as a deposition, during the life of the deponent; but he may read it in evidence, if the deponent be not alive at the time of the trial, as the testimony of a deceased witness.

Where one acts as the agent of a corporation, parol evidence is admissible to prove his agency.

Proof, that the general owner of goods delivered them to the plaintiff, to be transported to a fixed place for a compensation, and that in consequence of the non-delivery of the goods the plaintiff had agreed to pay therefor, *was held* to be sufficient evidence of property in the plaintiff to enable him to maintain an action of trover therefor.

EXCEPTIONS from the Court of Common Pleas, *Smith J.* presiding.

The action was *trover* for a trunk, containing goods, described particularly in the declaration. The testimony of *Young* and *Sawin,* referred to in the fourth exception, was in substance this. *Young* testified, that he was the general owner of the trunk and goods, and delivered them to *Sawin,* who was then acting as the agent of the plaintiffs, and who engaged to transport the same to *Beal's* tavern in *Turner;* and that he paid *Sawin* fifty cents for so doing, and by his direction put the trunk into the baggage room at the stage house, that he had not since seen it, and that the plaintiffs had agreed to pay him for it. *Sawin* deposed, that when the trunk was delivered to him by *Young,* he was the agent of the plaintiffs, and that the defendant took this trunk, and carried it out before it was light in the morning, and said he should give it to the driver of the *Paris* stage, not a stage of the plaintiffs. The other facts in the case, the objections made in the Court of Common Pleas by the defendant's counsel, and the rulings of the Judge thereon, appear in the opinion of the Court. The verdict was for the plaintiffs, and the defendant excepted.

The case was argued in writing, by *May* for the defendant, and by *Wells* for the plaintiffs.

Maine Stage Company *v.* Longley.

For the defendant, it was argued :

1. The general owner of the goods in controversy is not a competent witness to prove their ownership or value. *Young* was interested in the event of the suit, and ought not to have been received, as a witness. *Chesley* v. *St. Clair,* 1 *N. H. Rep.* 189 ; *Jackson* v. *Varick,* 7 *Cowen,* 239 ; 1 *Stark. Ev.* 147 ; *Brewer* v. *Curtis,* 3 *Fairf.* 51 ; *Hale* v. *Smith,* 6 *Greenl.* 416 ; *Heermance* v. *Verney,* 6 *Johns. R.* 5 ; *Henderson* v. *Sevey,* 2 *Greenl.* 139 ; *Barney* v. *Dewey,* 13 *Johns. R.* 224.

2. The deposition, having been withdrawn from the files, could not be used, and was no longer a deposition. *Potter* v. *Leeds,* 1 *Pick.* 309. The death of the party was not proved ; and if it had been, would have furnished no cause for using the deposition. *Braintree* v. *Hingham,* 1 *Pick.* 245.

3. The Judge ought not to have admitted parol evidence to prove the agency of *Sawin.* 7 *Mass. R.* 102 ; 8 *Mass. R.* 292 ; 10 *Mass. R.* 397 ; 4 *Greenl.* 44 ; 1 *Mass. R.* 483 ; 2 *Stark.* 55 ; 5 *Wheat.* 420 ; 4 *Greenl.* 209.

4. The plaintiffs had not such an interest or property in the goods, as would enable them to maintain the action. *Story on Bailments,* § 495, 498, 528 ; 5 *Mass. R.* 303 ; 17 *Mass. R.* 479 ; 9 *Mass. R.* 104 ; *ib.* 265 ; 13 *Mass. R.* 294.

*Wells,* for the plaintiffs, contended :

1. To render a witness incompetent, he must have a legal, certain and immediate interest in the result of the cause, or in the record, as an instrument of evidence. *Young* could gain or lose nothing, and was a competent witness. 2 *Stark. on Ev.* 743 ; 5 *Pick.* 447 ; 3 *Mass. R.* 29 ; 1 *Phil. on Ev.* 250 ; 14 *Johns. R.* 79 ; 6 *Pick.* 262.

2. The deposition was legally taken, when the deponent was under oath, and between the parties in this very case. Since the death of the deponent, the deposition has become competent evidence, as the testimony of a deceased witness. *Le Baron* v. *Crombie,* 14 *Mass. R.* 234.

3. The agency of *Sawin* was provable by parol. *Paley on Agency,* 2 ; 4 *Greenl.* 503 ; 7 *Greenl.* 118 ; 12 *Wheat.* 64 ; *Paley on Agency,* 238 ; 2 *Fairf.* 70 ; *Ticonic Bridge* v. *Moor,* 13 *Maine R.* 240.

4. The plaintiffs had sufficient interest in the property to maintain trover. *Eaton* v. *Lynde*, 15 *Mass. R.* 242; *Chitty on Pl.* 150.

The opinion of the Court, after a continuance, was drawn up by

SHEPLEY J. — The first exception taken, is to the admission of *Harvey Young* as a witness for the plaintiffs.

There can be no doubt, that the vendor of goods is not to be admitted to prove the title of his vendee, where such title is in controversy, because he is by law bound to warrant the title. In the case cited from 1 *N. H. Rep.* 189, it was decided, that the bailor was not a competent witness for the bailee, to prove the general property in himself. In that case the only question, as stated by the Court, was, whether the property belonged to the witness or to the defendant; and the witness was held to be inadmissible because a recovery by the bailee would enure to the benefit of the witness by transferring the property to the defendant. The case states, that the rule is not general, but that the bailor may be a witness for the bailee, when he has no interest in the recovery.

In this case the witness was not called to prove the general property in the goods. The bill of exceptions states, that he was called " to prove the delivery of the said goods to the plaintiffs to be transported, and also the value of said goods." It appears, that the only objection was made to his competency thus to testify; and the ruling was upon that point; although after he was admitted, the examination may have extended in some particulars farther than was proposed. If it did, no objection appears to have been made, nor any exception to have been taken to such extended examination; and this Court is limited to the examination of the exceptions taken. The witness might have been interested in the amount which the plaintiffs might recover of the defendant, as fixing the measure of his own indemnity, if he had not before settled with the plaintiffs, so that what he was to receive was finally determined, whether the plaintiffs recovered much,,or little, or nothing. It appears from his own testimony, reported in the case, that his compensation could not in any manner depend upon the result of the suit. In such case the vendor has been admitted to testify for the vendee respecting the right of property; he having stated, that

Maine Stage Company *v.* Longley.

he was in no way accountable to the vendee by the terms of the sale, whether the vendee's title proved to be good or bad. 6 *Pick.* 262, *Smith* v. *Dennie.*

The second exception is taken to the admission of the deposition of one *Sawin.* The objection was, that the deposition, having been taken and filed at a former term of the Court, had not remained on file, as required by the twenty-first rule of the Court of Common Pleas. The plaintiff's counsel did not admit the allegation to be true, nor offer any proof, that it was not, but stated, that the deponent was dead; and thereupon the Judge overruled the objection. The defendant's counsel argues, that there was no proof of the death, but as he does not appear to have made that objection at the trial, it is not open to him now.

It would seem to be the duty of the party proposing to use a deposition to show a compliance with the law and the rules of the Court to entitle him to the use of it. The Judge does not appear to have admitted the deposition on the ground of a compliance with the rule, but because the deponent had since deceased. It does not appear, that the deposition had not been legally taken, and the defendant's rights secured to him by a cross examination ; and it must be so understood here. The question then presented, is, whether the deposition, as such, being rightfully excluded, can nevertheless be read, as the testimony of the deceased witness already given, between the same parties upon the same matter.

The general rule appears to be well established in *England,* that where a witness has been examined in a judicial proceeding between the same parties in relation to the same matter, and has since deceased, his former examination is admissible, as secondary evidence. 1 *Phil. Ev.* 199 ; 1 *Stark. Ev.* 43 ; 3 *Taunt.* 262, *Doncaster* v. *Day* ; 2 *Carr. & Payne,* 440, *Doe* v. *Passingham* ; 3 *C. & P.* 387, *Todd* v. *Winchelsea.* In *Massachusetts* the testimony of a witness, who had testified on a former trial, and who had since been convicted of larceny, was not admitted to be proved in evidence. And the Chief Justice, while he admits its existence in *England,* states some difficulties in relation to it, and that he has no knowledge of any decision upon it in that State, or of any practical admission of the principle by their Courts. 14 *Mass. R.* 234, *Le Baron* v. *Crombie et al.* In *New York,* the rule is

fully recognized, even though the testimony was first given, not in a court of justice, but before commissioners duly authorized. 2 *Johns. R.* 17, *Jackson* v. *Bailey.* And the same rule is admitted, where the parties are not the same, if privies, in blood, in estate, or in law. 15 *Johns. R.* 539, *Jackson* v. *Lawson.* Does the same rule apply, where the testimony was originally given in the form of a deposition? The reason for it is stronger, as the testimony is made certain, and there is no danger that the very language is not given.

The case cited from 1 *Pick.* 245, where a deposition taken *in perpetuam,* and not recorded, was not admitted, is not in principle opposed. Not being recorded, it could not be admitted ·by the statute, and when offered as hearsay testimony, it was not found to come within any rule for the admission of such testimony. It was not offered, and if it had been, could not, probably, have been admitted, as the former testimony of a witness since deceased; as such depositions are not usually taken between the same parties in relation to the same matter, affording an opportunity for cross examination.

Upon the trial of an issue out of chancery, the depositions of witnesses taken for the hearing are not allowed to be read in the courts of law, if the witnesses are alive and able to attend. When the witnesses have deceased, their depositions may be read without an order from chancery for that purpose; though it would seem to be not unusual for the purpose of saving the trouble of producing the record, to pass an order, that the depositions of such witnesses taken in the cause, as shall be then dead, or unable to attend, may be used. 1 *Ves. & Bea.* 34, *Corbett* v. *Corbett.*

Depositions taken in a former case, where the same matters were in issue, the witnesses being dead, were ordered to be used. 1 *Ch. Ca.* 73. The deposition of a witness, who had become interested, was allowed to be read at the trial. 1 *Mass. R.* 4.

The third exception taken, is to the admission of parol evidence to prove, that *Sawin* was the agent of the plaintiffs. It is said in the case cited from 7 *Mass. R.* 102, that it is not to be admitted, that a corporation can make a parol contract unless by the intervention of some agent duly authorized. So in the case cited from 8 *Mass. R.* 292, it is said, " aggregate corporations cannot contract

without vote, because there is no other way, in which they can express their assent." In the case cited from 10 *Mass. R.* 397, it is said, that corporations established by statute are not restricted to the common law mode of binding themselves only by deed, but that they have powers given them to employ agents by votes, " or in such other manner as the corporation may by their by-laws direct." If it is to be understood by these cases, that no parol proof of an agency could be admitted to bind the corporation, that rule must have been since changed ; and it is now well settled, as well in *Massachusetts* as in other States, that the same presumptions are applicable to corporations, as to individuals ; and that a deed, or vote, or by-law, is not necessary to establish a contract, promise, or agency. 1 *Pick.* 297, *Canal Bridge* v. *Gordon ;* 8 *Pick.* 56, *New Eng. In. Co.* v. *DeWolf; idem,* 178, *Smith* v. *First C. M. in Lowell ;* 1 *N. H. Rep.* 23, *Eastman* v. *Coos Bank ;* 14 *Johns. R.* 118, *Dunn* v. *St. Andrews Church ;* 3 *Halsted,* 182, *Baptist Church* v. *Mulford ;* 12 *Serg. & R.* 312, *Bank of N. Liberties* v. *Cresson ;* 1 *Har. & Gill,* 426, *Union Bank of Maryland* v. *Ridgely ;* 12 *Wheat.* 64, *U. S. Bank* v. *Dandridge.*

The fourth exception is to the instruction to the jury, that if they believed the testimony of *Sawin,* the plaintiffs had such an interest in the property as would enable them to maintain this action.

There does not appear to have been any error in this instruction. 2 *Saund.* 47, *note* 1 ; 15 *Mass. R.* 242, *Eaton et al.* v. *Lynde.*

*The exceptions are overruled.*