### BARKER and another *against* GREEN.

To render a witness competent, who has a direct and certain interest in favour of the party offering him, that interest must be counteracted, by an equal interest the other way.

Where the effect of a witness's testimony is, to provide a fund for the payment of a debt due from him to the party offering him, he has an interest, which, if not counteracted, will disqualify him; and such interest is not balanced, by his eventual liability over to another person claiming the fund.

Therefore, where *A* having attached goods in the possession of *B*, as his property, to secure a debt against him, *C* brought replevin against *A*, claiming that the goods were his, and that he had delivered them to *B* as a bailee only; *A* claimed that the goods had been *sold* to *B*, and had been paid for in the note of a third person, who, it was admitted, however, was insolvent; and in support of this claim, *A* offered *B* as a witness; it was held, 1. that *B* had a direct and certain interest, which his testimony would go to sustain; 2. that his liability over to *C* was doubtful, and uncertain in amount; 3. that consequently, there was not that equipoise of interest in *B*, which would render him indifferent between the parties and admissible.

*Windham,*
July, 1838.

Barker
*v.*
Green.

THIS was an action of replevin, to obtain the restoration of a parcel of leather, which had been attached, by the defendant, as the property of *Dorrance & Graves*, to secure the payment of a debt due to him from *Graves*.

The cause was tried at *Brooklyn, January* term, 1838, before *Church,* J.

On the trial, the plaintiffs claimed, that the leather in question was their own property, and that they had delivered it to *Dorrance & Graves*, to be by them manufactured into shoes for the plaintiffs. The defendant claimed, that the property had been *sold*, by the plaintiffs, to *Dorrance & Graves*, and had been paid for, by the note of *Pratt & Co.*, for 1000 dollars, dated the 25th of *February*, 1837. It was admitted, that this note had never been paid, and that the makers were insolvent. The plaintiffs denied that they had sold the leather to *Dorrance & Graves;* and the only question of fact in the cause was, whether the plaintiffs had sold it to them, or had delivered it to them, as bailees only, for the purpose specified. In support of his claim, the defendant offered *Graves* as a witness; who was objected to by the plaintiffs, on the ground of interest in the event of the suit. The court over-ruled the objection, and admitted the witness. The defendant had a verdict; and the plaintiffs moved for a new trial.

*Strong*, in support of the motion, contended, That *Graves* was an incompetent witness, being interested to procure a verdict for the defendant. The consequence of such a verdict would be, that the property attached would be applied in payment of his own debt to the defendant; and that interest was not balanced, by his liability over to the plaintiffs; for, in the first place, it does not appear, that they would have any remedy against him; and secondly, if they had, this verdict would not determine the amount: both the event and the amount would

*Windham,*
*July, 1838.*
_____

Barker
*v.*
Green.

be uncertain.   His interest one way was fixed and certain ; the other way, contingent ; consequently, it was not balanced.

*Larned* and *Stoddard,* contra, insisted, That as between these parties, *Graves* was a competent witness to prove the sale of the leather to him.   In the first place, the verdict in this case can never be given in evidence in a suit between the plaintiffs and *Graves,* respecting this property.   *Graves* cannot avail himself of it, in any future action.   *Nix* v *Cutting,* 4 *Taun.* 18.   Secondly, it does not appear that *Graves* will derive any incidental benefit from a verdict in the defendant's favour.   Is it said, that he will get his debt satisfied, if the defendant holds the property ?   *Non constat* that *Graves* owes the defendant any debt ; that the defendant will ever obtain judgment and execution ; or that he will ever levy on this property.   Thirdly, if all these things should happen, while the plaintiffs own the property, then they may recover the value of it from him ; and this liability *balances* his interest. *Ilderton* v. *Atkinson,* 7 *Term Rep.* 480.   *Bell* v. *Harwood,* 3 *Term Rep.* 308.   *Birt* & al. v. *Kershaw,* 2 *East,* 458. *McLeod* v. *Johnston,* 4 *Johns. Rep.* 126.   *Bailey* & al. v. *Ogden,* 3 *Johns. Rep.* 420.   *Cushman* v. *Loker,* 2 *Mass. Rep.* 106.

BISSELL, J.   The only question submitted for our decision, is, whether the judge on the circuit did right in admitting the witness.   That he had a direct and certain interest in the event of the suit, and that his testimony went to sustain that interest, is too clear to admit of controversy.   The effect of his evidence was, to provide a fund for the payment of his own debt.   Indeed, this point was not much contested in the argument. But it was insisted, that if the defence was made out, the witness would be liable to the plaintiffs, and so his interest was exactly balanced.

There is not enough, as it seems to us, appearing on this record, to show such an equipoise of interest.   In the first place, it may, perhaps, be doubted, whether *Dorrance & Graves* are shown to be under *any liability* to the plaintiffs.   It is stated, and the evidence of *Graves* went to prove, that the leather was bought and *paid* for.   But it also appears, that it was paid for in a note, which turned out to be unproductive,

and the makers of which are insolvent.    Whether any measures were taken, by the plaintiffs, in regard to the note; whether they so conducted with it, as either to hold or to discharge the indorser, does not appear.    Perhaps upon the state of the case, as it is presented, we are not authorized to say,  that the note was received *in satisfaction ;* and perhaps it may, with propriety, be claimed, that although the note was received in payment, yet as it has proved to be of no value, it is no payment, and the parties may resort to their original cause of action.    Admitting this to be so, and that there might exist a liability on the part of *Dorrance & Graves* to the plaintiffs, still the question recurs, whether that exact balancing of interest is shown, which would render the witness indifferent between the parties.

Suppose an action were brought, by the plaintiffs, against *Dorrance & Graves,* would the sum which the avowant may here recover, furnish any rule of damages in that action ? Most manifestly it would not.    The plaintiffs might recover more, or they might recover less.

Here, then, there was, on the one hand, a fixed and certain interest in the witness.    The virtual effect of a verdict, which his testimony went to procure, would be, to pay his own debt. On the other hand, his interest was contingent, and uncertain in amount.    The cases cited, therefore, do not apply.    In *Bell* v. *Harwood,* 3 *Term Rep.* 308. the question was, whether the witness, (whose title was admitted) demised to *A,* or to another person ; and his testimony was received, on the ground that it was indifferent to the witness, which was his tenant.    In *Ilderton* v. *Atkinson,* 7 *Term Rep.* 480. the witness had 200*l.* in his hands, which he was confessedly bound to pay over to one of the parties ; and it was perfectly indifferent to him to which he paid it.    In *Birt* & al. v. *Kershaw,* 2 *East,* 458. the witness was either liable to the plaintiffs, as indorser of the bill, or to the defendant for the money received by him, in order to discharge it.    He, therefore, stood indifferent between the parties.

The rule upon this subject is thus laid down, by this court, in the case of *Owen* v. *Mann,* 2 *Day,* 403.    " It cannot be denied, that if the interest of a person, in favour of one party, is counteracted by an *equal interest* in behalf of the other, he is a competent witness.    But if there be the least *inequality* of

Barker
*v.*
Green.

interest, that is, if a recovery on one side is more interesting to the person, in a pecuniary view, than on the other, he cannot be admitted to testify.     The law demands that witnesses should be *wholly indifferent.*"     It is on this principle that bail are excluded.     They may be subjected to the immediate payment of the judgment recovered ; and this interest is not counterbalanced, by allowing them to resort to the principal for indemnity.

We think the precise point before us was ruled, by the court of *Common Pleas,* in *Bland* v. *Ansley* & al. 2 *New Rep.* 331. That was an action of trespass against the sheriff, for taking the plaintiff's goods.     The goods were taken in execution against *Aubray ;* and the question was, whether they belonged to *Aubray* or the plaintiff.     *Aubray* had sold to the plaintiff the house in which the goods were ; but whether the goods were sold at the same time, was matter of dispute.     The defendant offered *Aubray* to prove, that the goods were not assigned to the plaintiff, and, of course, remained his property. Ch. J. *Mansfield* refused to receive the testimony ; and a verdict was found for the plaintiff.     On a motion for a new trial, it was contended, as it has been here, that the interest of the witness was balanced ; but the motion was denied ; and Sir *James Mansfield* says : "The object of calling *Aubray* was, to prove that the goods were his own property, and not that of the plaintiff ; and consequently, that the execution, which had been levied upon the goods to satisfy a debt owing by him, was valid.     He was called, therefore, to give evidence, the effect of which would be, to pay his own debt with the plaintiff's goods." See also *Jackson* d. *Caldwell* v. *Hallenback,* 2 *Johns. Rep.* 394.

We are of opinion, that the testimony of *Graves* should not have been received ; and we, therefore, make the rule absolute.

In this opinion the other Judges concurred, except CHURCH, J., who was absent.

New trial to be granted.