## HARTFORD *vs.* JACKSON.

Where property has been bailed for hire, for a specific time, a creditor of the bailor cannot attach the property, and take it from the custody of the bailee, during the term of bailment.

Where such attachment was made, and the property removed by the officer— *Held*, that the bailee was, notwithstanding, liable to the bailor for rent.

ASSUMPSIT, for the use of a boat, or schooner, let to the defendant by the plaintiff for the term of five months from the 20th of June, 1838, at $13 per month, payable at the expiration of each month from that date.

The rent falling due for the boat on the 20th of July, and August, was duly paid, and this suit was brought to recover the rent due for the month ending the 20th of September.

The defendant plead the general issue.

It was conceded that the rent falling due in September was unpaid; but the defendant contended that no liability for such rent existed against him, for the reason that the boat was withdrawn from his custody and control by attachment and removal of the same by the creditors of the plaintiff before the 20th of September.

A writ, Andrew H. Jones against Hartford, was introduced, on which it was in evidence that the boat was attached on the 11th of September, 1838, by G. W. Towle, deputy

sheriff. It appeared that the officer took the boat into his custody, and held possession of it until the 22d of September, when he delivered it to the plaintiff and took his receipt for it, the plaintiff paying the officer his fees.

On the above facts a verdict was taken for the plaintiff for $13, subject to the opinion of this court; judgment to be rendered thereon, or the verdict set aside and judgment entered for the defendant, as the court shall direct.

*Cutter*, for the defendant, cited *Story on Bailment* 257 ; 3 *Pick.* 255, *Wheeler* vs. *Train.*

*Bartlett & Emery*, for the plaintiffs, cited *Story on Bailments* 25, 237, 262 *and* 274; 3 *Black. Com.* 396 ; 7 *Mass.* 331, *Baylies* vs. *Fettyplace*; 7 *D. & E.* 9, *Gordon* vs. *Harper*; 4 *Pick.* 255, *Wheeler* vs. *Train*; 6 *D. & E.* 650, *Bullock* vs. *Dommitt*; *Ditto* 750, *Brecknock* vs. *Pritchard*; 8 *Ditto* 259, *Hadley* vs. *Clark*; 15 *Mass. R.* 268, *Fitchburg Co.* vs. *Melvin*; *Hammond's P. A.* 249; 11 *Mass. R.* 415, *Cowing* vs. *Snow.*

UPHAM, J. It is perfectly clear that an attaching creditor can take no greater interest by his attachment, and exercise no greater rights over property taken, than the debtor himself could. If we can determine, then, the precise rights of the bailor in the case before us, and the extent to which he might go in asserting any claim over the boat or schooner bailed, we shall fix the limits and powers of an attaching creditor over the same property.

It is well settled that the bailee has the exclusive right to property during the time of bailment, while exercising this right according to the terms and conditions of such bailment. This right is not only exclusive against third persons, but against the owner of the property, who has no right to disturb him. *Story on Bailments* 262 ; 2 *Taunt.* 268, *Roberts* vs. *Wyatt.* If the owner disturbs the bailee in the use

Hartford *v.* Jackson.

of the property, or if he takes it away before the bailment expires, the bailee may have trespass against the owner; *Ham. N. P.* 249; and of course against any other person improperly interfering with the property.

A recovery by a bailee against a trespasser is a bar to an action by the bailor for the same injury. 1 *N. H. Rep.* 189, *Chesley* vs. *St. Clair;* 2 *N. H. Rep.* 143, *Bissell* vs. *Huntington.* A bailor cannot maintain trover or replevin against a person who converts property bailed; because, although he has a reversionary interest, he has neither the possession or right of possession. 7 *T. R.* 9, *Gordon* vs. *Harper;* 3 *Pick.* 255, *Wheeler* vs. *Train.*

If such be the limitation of the rights of the bailor of property, and if the attaching creditor has no greater right over the property than the bailor, we see no ground for the interference of either with the property bailed in the present case.

The bailee had hired the property for five months, under an agreement to pay a certain sum monthly for its use. This contract had been fully kept by him; and while he is without fault or blame on his part, the property is attached on a suit against the bailor, and taken from the possession of the bailee. The officer making the attachment is, therefore, a mere trespasser against the bailee. He has no rightful claim to the possession of the property; and, so far as the bailee has been prejudiced, he has his remedy upon the officer.

If such be the case, the contract betwixt the bailor and bailee remains wholly undisturbed. There was nothing to show that the attachment was made through any agency, direction, or interference of the bailor, who is the present plaintiff. He is clearly entitled, then, to recover the amount stipulated to be paid him, until such time as the contract betwixt him and the bailee shall be legally terminated.

It has been suggested that a doctrine of this kind would enable debtors to screen their property from attachment, by nominal leases, or bailments for hire. But if such lease or

Hartford *v.* Jackson.

bailment is fraudulent, it is void, and a fraudulent bailment of property is no more readily made than a fraudulent sale, reserving an use to the owner. Besides, in all cases of bailment the property may be reached by trustee process, and the bailee or lessee of personal property would by such process be bound to deliver it on the termination of his lease, and be liable for intermediate rents, if unpaid. Should a bailee prove irresponsible under a fair contract made with him, it cannot be helped; it is alike the debtor and creditor's loss.

We see nothing, then, to prevent the payment of the rent agreed to be paid by the bailee. The bailee must be held to the performance of his contract; and if others have improperly interfered with his rights, he is entitled to his remedy against them.

*Judgment on the verdict for the plaintiff.*