THE NEW YORK, NEW HAVEN AND HARTFORD RAIL-
ROAD COMPANY *vs.* CHARLES K. OFFIELD.

Third Judicial District, Bridgeport, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A judge of the Superior Court in passing upon an application for the
appointment of appraisers in condemnation proceedings exercises
part of the judicial power of that court.

Such an application was, by the advice of this court, adjudged suffi-
cient on demurrer. · Afterwards certain special laws of this State
were pleaded at length as a defense in an answer. *Held* that since
the trial court was bound to take judicial notice of these laws in
disposing of the demurrer, the answer presented nothing new and
was properly adjudged insufficient.

The president of a railroad company may testify as to its intention
in improving and double-tracking its line, without producing a
copy of a recorded vote or other evidence of formal action by its
directors.

The rule as to parol evidence of a corporate intent inconsistent with
action which has been taken and is on record, has no application
to parol evidence as to a corporate intent respecting action to be
taken in the future.

Questions not made in the trial court need not be considered by this
court on appeal.

Submitted on briefs April 11th—decided May 12th, 1905.

APPLICATION to *Hon. Edwin B. Gager*, a judge of the
Superior Court, for the appointment of appraisers of two
shares of the stock of the New Haven and Derby Railroad
Company owned by defendant. A demurrer to the applica-

tion having been overruled pursuant to the advice of this
court (77 Conn. 417), an answer was filed, containing two
defenses. A demurrer to the second defense was sustained,
and upon a hearing on the first a judgment was rendered
as claimed, from which this appeal was taken. *No error.*

*Charles K. Bush* and *Edward H. Rogers,* for the appellant (defendant).

*George D. Watrous, Harry G. Day* and *Henry H. Townshend,* for the appellee (plaintiff).

BALDWIN, J. The second defense in the defendant's answer was that the plaintiff already had, under certain amendments to its charter which were set forth at length, power
to do all that it proposed, by means as advantageous to the
public as it would have, should it take the defendant's shares
of stock. As courts take judicial notice of all the Private
Acts of this State, and as the judge of the Superior Court,
in dealing with this cause, was exercising part of the judicial
powers of that court, this defense presented a mere question
of law, already disposed of in accordance with our advice ; and
the demurrer to it was properly sustained. · General Statutes,
§697 ; *New Milford Water Co.* v. *Watson,* 75 Conn. 237.

Upon the hearing on the questions of fact raised by the
first defense, it appeared that the directors of the plaintiff
company had voted to authorize the expenditure of $275,000,
under the supervision of its president, for improving and
double-tracking about four miles of the New Haven and
Derby railroad, next west of the intersection of that railroad
with the Naugatuck division of the plaintiff's railroad ; that
from this intersection to New Haven by way of the Naugatuck division was over twenty-one miles, and by way of the
New Haven and Derby railroad less than eleven miles ; and
that the work under the vote was already under contract
and in progress. The president of the company testified
that it was its intention to make all the improvements described in the application as proposed, in case of the acquisition of the defendant's stock ; and that it had begun the

work on the tracks lying west of the Naugatuck division because the necessity for such improvements there was so great that the company could not wait till these two shares had been acquired.

There was no error in the admission of this evidence. It was unnecessary to show a recorded vote of the directors authorizing the execution of the entire improvements contemplated, in case of the acquisition of the stock in controversy. The president of a railroad corporation may well be sufficiently acquainted with the policy and plans of its directors to testify in regard to them, although they may have never been made the subject of formal action. The rule as to parol evidence of a corporate intent inconsistent with action which has been taken and is on record has no application to parol evidence as to a corporate intent respecting action to be taken in the future.

In the case at bar it did not appear that the directors of the plaintiff had passed any vote relating to the subject in hand, except that above mentioned, and no evidence was offered in opposition to the testimony of the president.

The proofs submitted having satisfied the judge of the Superior Court that the statements in the application were true, he properly found that the acquisition of the defendant's stock would be for the public interest, and proceeded, notwithstanding the objection of the defendant, to appoint appraisers. *New York, N. H. & H. R. Co.* v. *Offield*, 77 Conn. 417.

It is contended that the plaintiff was bound to show that the board of directors had voted both to make all the improvements described in the application, and to take for that purpose the defendant's stock.

The absence of allegations to that effect in the application was not made a ground of demurrer, nor was this point made at any stage of the cause before the judge of the Superior Court. It is therefore unnecessary to consider it here.

There is no error.

In this opinion the other judges concurred.