BENJAMIN F. WINTERS, PROSECUTOR, v. BOARD OF POLICE COMMISSIONERS OF JERSEY CITY, RESPONDENTS.

Argued June 8, 1908—Decided November 9, 1908.

It will not be presumed that a rule of a police department promulgated under the Police Tenure of Office act (*Gen. Stat.,* p. 1534), providing that "each member in his conduct and deportment must be quiet, civil and orderly," applies to the conduct of a member when excused from duty or to his deportment in private life; to have such effect the rule should clearly express such purpose.

On *certiorari.*

Before Justices REED, BERGEN and VOORHEES.

For the prosecutor, *Merritt Lane.*

For the defendant, *John Milton.*

The opinion of the court was delivered by

VOORHEES, J.   This writ of *certiorari* is brought to review the trial of the prosecutor, who was a patrolman on the police force of Jersey City, and against whom charges were made upon which was had a trial resulting in the conviction of the prosecutor and his discharge from the force.

The insistment of the prosecutor is that the board of police commissioners had no jurisdiction to try the charges because the accused had been excused from duty and was out of the city of Jersey City at the time the acts charged occurred, the occurrences being laid in West Hoboken; that the board of police commissioners has not by its rules attempted to govern the conduct of its men when without the city, there being no rule applying to the general conduct of an officer, and that the evidence did not prove a violation of rule 9 of the police department, with a violation of which the prosecutor was charged.

The evidence shows that the prosecutor, a married man, was calling upon a married woman at her home in the absence of her husband, and that the husband, having returned unexpectedly, the prosecutor secreted himself in a bedroom where he was found by the husband and driven from the house.   The evidence warrants the conclusion that the prosecutor desired to conceal his presence in the house, and that his purpose was not a proper one, for if his visit was that of a friend, and the object of his call was that which he gives, there was no reason why he should undertake to conceal himself from the husband or any other accidental caller.

The so-called Tenure of Office act (*Gen. Stat., p.* 1534) was intended to elevate and preserve the efficiency of the police force in cities and to raise the personnel of its members.   To that end it provides that tenure of office shall not be precarious and that members shall not be removable at will for political reasons or for any other cause than incapacity, mis-

conduct, non-residence or disobedience of just rules and regulations, and then only, after written charges, stating the cause of complaint, shall have been preferred, signed by the person preferring them and filed, and after said charges have been publicly examined into by the appropriate municipal board upon reasonable notice to the person charged so that every person against whom a charge may be preferred may have a fair trial and every reasonable opportunity to make his defence.

It is urged as a reason why jurisdiction does not attach for offences committed without the limits of Jersey City that the board has no power to compel a witness to appear except within the confines of Jersey City. This is not so. Section 3 of the Tenure of Office act provides that the board shall have power to issue writs of subpœna for witnesses, which writs shall be served in the same manner as subpœnas issued out of the Court for the Trial of Small Causes. Section 9 of the Small Cause act (*Pamph. L.* 1903, *p.* 253) provides that he (the justice) may award writs of subpœna for witnesses in the other counties of this state. It is undoubtedly true that it was the intent of the act not only to prescribe as a ground for dismissal the violation of the established rules of a police department, but the most casual reading will show that the legislative purpose was to make misconduct involving moral turpitude equally a ground for dismissal, and that, too, whether such misconduct occurred when such officer was on duty or not. Whether an act of a lower degree would not likewise be a valid cause for dismissal, it is not necessary to determine.

It would be strange, indeed, if, under the term "misconduct," a member could not be dismissed for habitual drunkenness, or for theft, or forgery, or any other act of a criminal nature. And it may be that the commission of immoral acts, such as are proved in the present case, could not be considered other than "misconduct" under the statute. We think, therefore, that misconduct under the statute may be charged whether it occurs during duty hours or at other times accord-

ing to the nature of the act and its natural and probable effect upon the discipline and tone of the force.

Indeed, one of the qualifications for appointment is good moral character, and that the appointee shall not have been guilty of a crime involving moral turpitude. By inference, the necessity for such qualifications fortifies the above construction.

The difficulty in this case, however, lies in the form of the written charges. The charges so preferred are specified to be in violation of rule 9. Rule 9 provides that "each member in his conduct and deportment must be quiet, civil and orderly." It is found in a book entitled "Rules and Regulations of the Police Department," promulgated by the department. These rules are for "the better government and discipline of the department." Manifestly they are rules for the guidance and governance of the members of the police force in the performance of their duties, that is, while actually engaged therein. It will not be presumed that the authorities intended to establish a code of morals regulating the private life of the officers at all times and under all circumstances, unless an intention so to do clearly appears in the rules. Rule 9 is evidently regulative of the demeanor of officers while on duty, and does not apply to their conduct when excused from duty or to their deportment in private life. It was within the power of the police board to formulate a rule to reach the conduct of officers when not on duty (*Alcutt* v. *Police Commissioners,* 37 *Vroom* 173), but to have that effect the rule *should clearly express such purpose.* The charge, by reference to rule 9, is narrowed, and the proof does not sustain it when thus limited by the rule.

The trial was conducted with the formality requisite for such a tribunal to observe and sufficient for securing a fair trial to the accused under the act. *Reilly* v. *Jersey City,* 35 *Vroom* 508. In reviewing the testimony offered we think it was ample to convict the defendant of misconduct, but by the written charges the offence was confined to a violation of rule 9, and the proof being that the offence was committed while

the prosecutor was excused from duty, it is not sufficient to convict him of such violation, hence there must be a reversal and the conviction must be set aside.