NICHOLAS A. NORELLI, PLAINTIFF-APPELLANT. v. MU-
TUAL SAVINGS FUND HARMONIA, A NEW JERSEY
CORPORATION, DEFENDANT-RESPONDENT.

Submitted May 27, 1938—Decided September 16, 1938.

For the plaintiff-appellant, *Jerome Alper* (*George H. Rosenstein,* of counsel).

For the defendant-respondent, *George Schmidt, Jr.* (*Samuel Koestler* and *Benjamin Nohemie,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment of nonsuit, granted at the conclusion of the plaintiff's case below after certain testimony was stricken out and other testimony was refused admission.

The suit below was by a licensed architect for the reasonable value of services rendered in preparing plans and specifications for the alteration of two buildings at the request of the defendant corporation, the owner thereof. The testimony tended to show that the plaintiff had been consulted by the defendant through its Vice-President Hoffman, and its board of directors, and was requested to prepare and submit plans and specifications for the alteration of the properties located in South Orange, New Jersey; that it was agreed between the parties that upon the approval of these plans by the defendant and by the building department of South Orange, the defendant would proceed with the construction of the work and place plaintiff in supervision thereof, and would pay him the reasonable value of his services in the preparation of the plans and the supervision of the reconstruction work.

The testimony also tended to show, among others, the following matters of fact: That plaintiff did prepare the plans and that they were approved by the defendant and by the building department of South Orange; that the defendant signified its approval by its Vice-President Hoffman and by the board of directors. (The testimony concerning this approval by the board was erroneously stricken out by the court *on defendant's motion* and over the plaintiff's objection, and this was assigned for error.) The evidence also tended to show that the defendant desired to find a purchaser for the property in question; that the plaintiff endeavored to assist defendant in this respect by bringing to it a builder who would do the reconstruction work; that subsequently, and for reasons not material to the plaintiff's case, the negotiations with the builder fell through, and the defendant refused to carry out its contract of employment with the plaintiff and to proceed with the reconstruction work according to the agreement; that thereafter plaintiff demanded payment for

the reasonable value of his services and not being paid, this suit was begun.

The defendant's theory of the case, the striking and refusing testimony and the eventual granting of the nonsuit, appears to have been based upon the sole premise that the evidence constituting plaintiff's case was not binding upon the defendant because no authority was shown to bind the defendant other than the statement of its vice-president and the action of the board of directors as expressed at their various meetings; the contention being that such proof was incompetent, not having been made by and through formal minutes of the meetings of the board of directors. We think that theory was erroneous.

In a suit, as here, to recover the reasonable value of services by an architect for preparing plans and specifications, and where no express contract is alleged or sought to be proved, proof of services rendered at the request of the defendant corporation and of authorization by the defendant to its officer to request such services, and of ratification by the defendant of such an arrangement, is permissible by parol testimony, without introduction of the minutes of the corporate meetings.

It is of utmost importance to recognize at the outset that this is not a suit upon an express contract entered into by formal resolution between a corporation and a third party. The suit below was purely and simply for the reasonable value of services rendered at the special instance and request of the defendant. The pleadings set forth that cause of action and the tendered proofs conformed to and never varied from that theory.

The testimony tended to show that the plaintiff was requested by the defendant's vice-president to draw plans and specifications and was promised that he would be paid a reasonable compensation. As we have pointed out, the condition imposed that the building department should approve the plans was fully met. The evidence shows that this arrangement was made by the vice-president, and that his authority so to do, and his acts, were ratified by the board of directors,

as the evidence in the record and that improperly excluded, tended to show.

In this posture of the case, a nonsuit was unjustified where, as here, no express contract was alleged or sought to be proved. 3 *Fletcher on Corporations* (1917) 3068, 3090.

The rule uniformly followed in other jurisdictions is that on an issue as to implied authority of the officers of a corporation to execute a contract or do other corporate acts, parol testimony as to what was said and done at the meetings of a board of directors may be admitted into evidence. See *Smith* v. *Bank of New England,* 72 *N. H.* 4; 54 *Atl. Rep.* 385; *Union Manufacturing Co.* v. *Pitkin,* 14 *Conn.* 174; *Main Stage Co.* v. *Longley,* 14 *Me.* 444; *Badger* v. *Bank of Cumberland,* 26 *Id.* 428; *New York, New Haven and Hartford Railroad Co.* v. *Offield,* 78 *Conn.* 1; 60 *Atl. Rep.* 740; *affirmed,* 203 *U. S.* 372; 51 *L. Ed.* 231. Therein the pertinent rule was recognized, and it was further stated that subsequent knowledge of the board of directors and assent may be equivalent to previous authority, and that it is not necessary that knowledge should be actual, or that assent should be formal, to effect such a result; that if the directors in the exercise of ordinary care, ought to have known of the making of the contract, it is in law as if they knew.

Those cases also hold in effect that where problems of implied authority, ratification, acquiescence and estoppel are involved, and the testimony tends to show a course of conduct between officers and directors of the defendant corporation and a reliance thereon by the plaintiff to his detriment, by reason of expressions and representations made by the directors at their corporate meeting called expressly for that purpose, whereby the plaintiff was induced to proceed with his work, the question whether the work done by him was impliedly ratified and accepted by the directors was for the jury. The case of *Durbrow* v. *Hackensack Meadows Co.,* 77 *N. J. L.* 89; 71 *Atl. Rep.* 50, is not to the contrary. There it was attempted to prove that an *express contract* was entered into by resolution of the directors. In the instant case the proof tended to show that services of a certain reason-

able value were rendered at the request of the defendant and that such services were induced by the conduct and representations of the board of directors. If that is so, the board of directors is estopped from denying liability for the services rendered. Such proof, when properly made out, entitles plaintiff to go to the jury on the issue of whether or not he had rendered services at the request of the defendant and was, therefore, entitled to recover the reasonable value of the services rendered. *Stephen* v. *Camden and Philadelphia Soap Co.*, 75 *N. J. L.* 648.

From what has been said we believe it is quite clear that the testimony relating to plaintiff's conversations and transactions with the defendant's vice-president, in view of all the evidence, was improperly stricken out, and was properly assigned for error.

We believe that the testimony throughout, received or tendered, tended to show that the vice-president acted during the whole of the transaction on behalf of the corporation. He gave plaintiff a card which permitted him to go through the property in question and take the measurements required for preparing the plans and specifications. He accepted the plans on behalf of the corporation. He introduced plaintiff to the board of directors and explained the nature of the work done. The directors were fully aware of the manner in which the vice-president was purporting to act for the corporation, and they signified that all of the work done by the plaintiff was satisfactory to them.

Now the general rule, applicable here, is that a corporation is bound by the acts of its agent within the apparent authority which it knowingly permits the agent to assume, or which it holds the agent out to the public as possessing. The question in every such case depending upon the apparent authority of the agent is whether the corporation has by its voluntary act placed the agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform the particular act in question; and where, as here, the party relying

upon such apparent authority, presents evidence which would justify a finding in his favor, he is entitled to have the question submitted to the jury. *J. Wiss & Sons* v. *H. G. Vogel Co.*, 86 *N. J. L.* 618; 92 *Atl. Rep.* 360; *Erie Railroad Co.* v. *S. J. Groves & Sons Co.*, 114 *N. J. L.* 216; 176 *Atl. Rep.* 377.

The judgment of nonsuit will be reversed, and the record remitted for a new trial, costs to abide the event.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.