Joseph Frasca *v.* John X. R. Basile et al.

Superior Court     Hartford County     File No. 152391

Memorandum filed November 21, 1967

*Charles Townsend, Jr.,* of Stamford, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the named defendant.

*Dowling & Cosgrove,* of Hartford, for the defendant Giarnella.

*Bailey & Wechsler,* of Hartford, for the defendant Jacuch.

*Danaher, Lewis & Tamoney,* of Hartford, for the defendant Fitzgerald.

*Cooney & Scully,* of Hartford, for the defendant St. Francis Hospital.

Palmer, J. This is an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendants. The complaint

alleges that the defendant St. Francis Hospital, hereinafter called the defendant, "was a hospital corporation maintaining a hospital" in Hartford. The other defendants were medical doctors practicing medicine in or near Hartford, and the complaint charges all the defendants with negligence, though none of the specifications of negligence alleged appear to apply to the defendant hospital, and it is doubtful if any evidence admissible under the allegations of the complaint could support the claim that the hospital was negligent. The demurrer, however, is not based on this ground, and the court may not consider grounds other than those specified. *Joseph Rugo, Inc.* v. *Henson,* 148 Conn. 430, 434; *Turrill* v. *Erskine,* 134 Conn. 16, 19.

The demurrer reads as follows: "The court will take judicial notice that the defendant, St. Francis Hospital, by Special Act No. 70, approved April 28, 1959 [29 Spec. Laws 87], is a charitable corporation and under the doctrine of charitable immunity is liable only for corporate negligence. The allegations of the plaintiff's complaint are concerned with the duties of the physicians attending the plaintiff and are not allegations of corporate negligence."

A demurrer admits the allegations of the complaint. *International Union* v. *General Electric Co.,* 148 Conn. 693, 697. The complaint here alleges only that the defendant "was a hospital corporation maintaining a hospital." It does not follow from this allegation that it was a charitable corporation. A corporation may carry on the business of a hospital without being a charitable corporation. Accordingly, it does not appear in the complaint that the defendant was a charitable corporation.

The claim that the defendant was in fact a charitable corporation is asserted in the demurrer itself, and this is impermissible, as a demurrer may not

"speak." Stephenson, Conn. Civ. Proc. § 94c. "An allegation of fact cannot be imported into a complaint by filing a demurrer thereto." *Blanchard* v. *Nichols,* 135 Conn. 391, 392. "A demurrer is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 194.

The fact that the defendant was a charitable corporation must be specially alleged, as it is wholly consistent with the complaint's allegation that it "was a hospital corporation maintaining a hospital." See Practice Book § 120. The demurrer's invocation to the court to take judicial notice that the defendant was a charitable corporation by virtue of an act of the General Assembly does not aid the defendant at this time. The doctrine of judicial notice has to do with proof; it has nothing to do with pleading. It serves the function of establishing facts to which an offer of evidence would normally be directed. *State* v. *Tomanelli,* 153 Conn. 365, 368. Where appropriately used, judicial notice dispenses with the necessity of proof of facts. 1 Jones, Evidence (5th Ed.) § 120. Facts cannot be proven by evidence or established by judicial notice until and unless they are properly pleaded, and the circumstance that judicial notice may be taken of a particular fact, such as a special act of the legislature (see *New York, N.H. & H.R. Co.* v. *Offield,* 78 Conn. 1, 2), does not relieve the party asserting such fact of the requirement of pleading it in accordance with the customary rules of pleading.

"Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible

without them." *Malone* v. *Steinberg,* 138 Conn. 718, 721; *Winick* v. *Winick,* 153 Conn. 294, 298.

The demurrer of the defendant St. Francis Hospital is overruled.