SULLY v. WILSON ET AL.

1. **Practice:** INTERROGATORIES ATTACHED TO ANSWER.   The failure to reply to interrogatories attached to an answer entitles the defendant to judgment, but he cannot avail himself of such failure by first making his objection in the Supreme Court on appeal.

2. **Conveyance:** FRAUD.   Where land was conveyed by quit-claim instead of warranty, under an alleged agreement that the former imparted a perfect title, the grantor holding it by a tax deed, and the land having been shown to have been originally selected for the use of the University, it was *held* that the facts did not support an allegation of fraudulent conveyance.

*Appeal from Jasper Circuit Court.*

THURSDAY, OCTOBER 19.

THE plaintiff claims six hundred and forty dollars on three promissory notes and the foreclosure of a mortgage executed

to secure them. The defendants, for answer, allege that the notes were executed for the conveyance to defendants, without covenants of warranty, of the land described in the mortgage; that the plaintiff falsely and fraudulently represented that a deed from him would convey the title in fee simple, and that in fact the plaintiff had no title to or interest in the said lands. The court found for plaintiff the amount of the notes and decreed a foreclosure of the mortgage. The defendants appeal.

*Ryan Bros.* and *Howe & Campbell*, for appellants.

*R. A. Sankey*, for appellee.

DAY, J.—I. The defendants attached to their answer nine interrogatories, and alleged under oath that, if answered, they would show that the notes and mortgage sued on were without consideration. The abstract shows that five of these interrogatories are answered in full, showing that no false representations of any kind were made, and that the notes were given for a quit claim deed for the land. The abstract breaks off abruptly about the middle of the sixth interrogatory. Appellants claim that all of the interrogatories have not been answered, and that those answered have not been sworn to. Appellee, upon the other hand, claims that the interrogatories were fully answered, and that the answers to the remaining interrogatories have become detached. The abstract itself, closing in the middle of an interrogatory, furnishes very strong proof of the claim made by appellee. This claim is very strongly supported by the other facts appearing in the record. If it be true that the interrogatories were not answered, the defendants would have been entitled to judgment, under the provisions of section 2699 of the Code. Yet they did not demand such judgment in the court below, but proceeded to the introduction of testimony which, if the claim they now make be true, was wholly unnecessary. Under the state of the record, defendants are not entitled to a judgment for a failure to answer the interrogatories.

II. There is an entire want of proof of any fraudulent

*Margin note:* 1. PRACTICE: interrogatories attached to answer.

practice upon the part of plaintiff. The conveyance to defend-
ants is without covenants of warranty. Nor does
it appear that plaintiff had not title to the land
when he conveyed. He had a tax deed for the lands executed
in 1872, for the delinquent taxes of 1868. Defendants intro-
duced certificates of the Register of the United States Land
Office, showing that the lands were selected for the use of the
University of Iowa in 1849. It is claimed that, being Uni-
versity lands, they are not liable to taxation; but it no where
appears that they belonged to the University in 1868, or that
they were not liable for taxes of that year. The judgment of
the court below upon the evidence contained in the abstract
is right.

**2. CONVEY-ANCE: fraud.**

AFFIRMED.