# HOGABOOM v. PRICE.

53 703
98 201
53 703
f108 108

1. **Practice**: PLEADING: FAILURE TO ANSWER INTERROGATORIES. A defendant who attaches interrogatories to his answer, to which no reply is required, is not entitled to a dismissal of the action for a failure of the plaintiff to answer such interrogatories until the expiration of a reasonable time, to be fixed by the court.

2. ——: ——: ——. A number of the interrogatories so attached to a pleading being frivolous and immaterial it was held that a motion for an order requiring an answer to all the interrogatories was properly overruled.

3. ——: ——: ——. Where the party filing interrogatories fails to state in his affidavit what facts he expects to prove thereby, no facts can be treated as admitted by a failure to answer.

*Appeal from Woodbury District Court.*

FRIDAY, JUNE 11.

On the 17th day of October, 1877, the plaintiff commenced his action as the indorsee of three promissory notes executed by the defendant to H. L. Hogaboom.

On the 7th of November, 1877, the defendant answered, alleging that the notes were procured through fraud and misrepresentation, and that they were not assigned to plaintiff till long after they became due. The defendant attached to the answer interrogatories asking the "name, age, residence and occupation of plaintiff, and if acquainted and how long with the parties to the suit; if he was the owner of the notes sued on or had any interest in them; if he is owner and has an interest in them, when he became owner and had interest, and how he knows the fact, and what consideration did he give, and when and how did he give any consideration for them or any of them; and to state particularly and fully, giving all his means of knowledge as to date; and to state fully how, when, where and by whom the said notes were assigned to him, and how he knows, and give his means of knowledge." To these interrogatories the defendant attached

his affidavit as follows:  " That I believe the subject of some of the interrogatories annexed to my answer in the above cause are within the personal knowledge of the plaintiff, and that his answer thereto, if truly made, will sustain a part of the defense in said cause."

At the March Term, 1879, the defendant filed a motion to dismiss plaintiff's action because the plaintiff had not answered the interrogatories attached to the defendant's answer. This motion the court overruled.  At the same term the defendant filed a motion to compel and order plaintiff to answer the interrogatories.  The court overruled this motion. On the same day the defendant filed a motion for judgment of dismissal, which the court overruled.  At the same term the cause came on for trial, and defendant filed objections in writing to the trial of this cause and the introduction of plaintiff's testimony, because of the plaintiff's failure to answer the interrogatories.  The court overruled this objection.  Thereupon the court, after hearing the evidence, rendered judgment against the defendant for two hundred and three 90-100 dollars.  The defendant appeals.

*S: T. Davis*, for the appellant.

*M. B. Davis*, for the appellee.

DAY, J.—I.   There was no error in overruling the first motion to dismiss the plaintiff's action.   Section 2700 of the Code provides that the court may compel answers to interrogatories by process of contempt, and may, on the failure of the party to answer them, after reasonable time allowed therefor, dismiss the petition. Section 2695 of the Code provides that the interrogatories shall be answered at the same time that the pleading to which they are annexed is answered.   The answer in this case required no reply, and the court should have been asked to fix a time within which the interrogatories should be answered,

1. PRACTICE: pleading: failure to answer interrogatories.

before moving to dismiss the action for want of answers to the interrogatories:

II.   We are of opinion, also, that the court did not err in refusing to make an order requiring the interrogatories to be answered.   Many of the interrogatories are frivolous and unimportant.   It is not now claimed by the appellant that any of them are material except as to the time when the plaintiff obtained title to the notes by indorsement.   If the defendant had particularized the interrogatory respecting this matter, and had asked an order that it be answered, it may be that he would have been entitled to such order.   But he asked an order that the interrogatories generally be answered.   He was not entitled to such order, and there was no error in refusing it.   It follows that there was no error in overruling the second motion to dismiss the action and the objection to the trial of the cause.

III.   If the defendant had stated in his affidavit what particular portion of his defense would be sustained by the answers to the interrogatories he would have been entitled to have had that particular fact deemed admitted by the failure to answer.   But he did not do this.   Besides, he did not ask that any portion of his defense be treated as admitted.   See *Sully v. Wilson*, 44 Iowa, 394.

IV.   The defendant filed a motion to suppress the deposition of J. E. Hallett, upon the ground that it was taken from the office of the clerk, after it was filed, without the consent of the parties.   The affidavits filed in connection with this motion show that the deposition was handed to the plaintiff's attorney by the clerk, during the term at which the cause was tried.   This is not prohibited by the statute.   Code, § 3739.

We discover no error in the record.

AFFIRMED.