ILLINOIS CENTRAL RAILROAD COMPANY *v.* THOMAS HARRIS,

AND

THOMAS HARRIS *v.* GULF & SHIP ISLAND RAILROAD CO.

1. PARTIES.  *Joint defendants.  Separable controversies.  Federal jurisdiction.  Removal to federal court.*

In a suit against two defendants, one a resident and the other a non-resident of the state, in the absence of a showing that the resident defendant was joined merely for the purpose of defeating federal jurisdiction:

(*a*) The question whether a separable controversy exists between the plaintiff and the non-resident defendant, and the right of said defendant, predicated thereof, to remove the cause to the federal court, will be determined from the averments of the declaration; and

(*b*) If the declaration fails to show a separable controversy, the granting, at the close of the evidence, of a peremptory instruction to the jury for the resident defendant does not entitle the non-resident then to remove the cause to the federal court.

2. SAME.  *Concrete case.*

A declaration against two railroad companies alleging that by contract between defendants one of them had the right to use the switches and yard tracks of the other, subject to the control of the latter's yardmaster, that plaintiff, an employe of the former, was injured by the negligence of his employer's conductor and of the yardmaster of the other company in charge of the switches and tracks, does not allege a separate controversy between plaintiff and either of said companies.

3. MASTER AND SERVANT. *Injury to servant. Railroads. Independent companies.*

The fact that the relation of master and servant existed between the plaintiff and one of two railroad companies defendants, and that said companies are independent corporations, will not prevent plaintiff from maintaining a joint action against them.

FROM the circuit court of, first district, Hinds county.

HON. DAVID M. MILLER, Judge.

Thomas Harris, appellee as against the Illinois Central Railroad Company, and appellant as against the Gulf & Ship Island Railroad Company, was the plaintiff, and both of said railroad companies were defendants in the court below. From a judgment in plaintiff's favor against the Illinois Central Railroad Company that defendant appealed to the supreme court. Harris also appealed from a judgment in favor of the Gulf & Ship Island Railroad Company. Both appeals were heard and decided together.

On the return-day of the summons the Illinois Central Railroad Company made application to remove the case into the United States circuit court in and for the southern district of Mississippi at Jackson, on the ground that said company is an Illinois corporation, and the controversy between it and plaintiff was separable from the controversy between the plaintiff and the Gulf & Ship Island Railroad Company, which application was overruled by the court below. The Illinois Central Railroad Company and the Gulf & Ship Island Railroad Company filed separate pleas. A trial was entered upon, and at the conclusion of the testimony the court gave a peremptory instruction in favor of the Gulf & Ship Island Railroad Company, to which plaintiff excepted. The case as between plaintiff and the other defendant was submitted to the jury, and a verdict was rendered in plaintiff's favor against the Illinois Central Railroad Company for $750.

The plaintiff prosecuted an appeal from the judgment discharging the Gulf & Ship Island Railroad Company from the suit.

*Mayes & Longstreet,* and *J. M. Dickinson,* for appellant, Illinois Central Railroad Company.

Under the condition of the plaintiff's case, as made in his declaration, there was clearly a separable controversy, and the case was removable to the Federal court on the application of the Illinois Central Railroad Company under the act of congress in such case provided.

It is true that the supreme court of the United States has decided in the Dickson case, 179 U. S., 131, that where the plaintiff brings a joint suit against a corporation and its employes for an injury caused by the negligence or misfeasance of the corporation's employes, there is no separable controversy; but this case does not fall within that category. Here two independent and disconnected corporations are sued in the same action, and the liability charged against one is the negligence of one person alleged to be its yardmaster, and the liability charged against the second is the negligence of a different person alleged to be its conductor.

With the Gulf & Ship Island Railroad, therefore, the case necessarily led to an issue on the conductor's negligence. With the Illinois Central, on the other hand, the trial necessarily led to an issue on the yardmaster's negligence.

The controversy, therefore, was not only separable, but of its very nature could be nothing else. To say that the controversy was not separable is absurd, because the ultimate issue of this case was a separation of it; and the court on the trial, in advance of the argument to the jury, gave a peremptory instruction in behalf of the Gulf & Ship Island Company as to the negligence charged against its conductor, and sent the Illinois Central to trial before the jury as to the negligence charged against its yardmaster.

Persons are not jointly liable for tort merely because they have some connection with it, even if it be such as to give a cause of action against them. There must be some coöperation in fact. *Schafer* v. *Union Brick Co.,* 128 Fed. Rep., 97,

101, and authorities cited; *McIntyre* v. *Southern Ry. Co.*, 131 Fed. Rep., 985.

But in this case it was impossible that there could be a common cause of action against both of these defendants, because on the face of the declaration it was necessarily true that the primary cause of the plaintiff's injury was either the negligence of the conductor employed by the Gulf & Ship Island Company or else the negligence of the yardmaster employed by the Illinois Central Company.

Now the question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the state court at the time of the filing of the petition for removal. *Railroad Co.* v. *Wangelin,* 132 U. S., 599; *Schafer* v. *Union Brick Co., supra.*

And this declaration presented a case in which, if the injury by any negligence be shown, the inevitable result would be, as this record shows it was in fact, a controversy between the two defendants as to which was responsible. *Stanbrough* v. *Cook,* 3 L. R. A., 400.

We now submit our second point, which is that if we are mistaken in the foregoing position, and the state court rightfully retained jurisdiction for the reason that the action was joint, and not separable, then when the plaintiff was cast in his suit against the Gulf & Ship Island Company by the court's peremptory instruction, the co-defendant, the Illinois Central Railroad Company, was also entitled to a judgment; and the court should have sustained the motion of the Illinois Central for a peremptory instruction; or else it should have sustained the motion of the Illinois Central for a judgment *non obstante.*

The predicate had been properly laid. First, there had been an application for removal on the ground of separable controversy, which application was overruled; hence, secondly, on the failure of the plaintiff to maintain its joint action against the Gulf & Ship Island, the Illinois Central immediately moved

for a peremptory instruction on that ground, as set forth in the record.

It certainly cannot be contended with any logic or justice that the plaintiff can so frame his declaration as, by the form of it, to deprive a defendant, otherwise entitled to removal, of his right to remove to the Federal court, and then, having failed to recover against the co-defendant so wrongfully joined, to persevere in his suit to the end and recover a separate judgment against the one whose right of removal had been so evaded. That is to nullify the act of congress by an artifice; and whatever might have been the common-law rule in regard to several recoveries against either one or the other of joint defendants, when the conditions are such that the plaintiff, by his action, has cut out a party from a substantial right to which he is entitled (as the right of a removal to the Federal court), he must submit to be defeated unless he maintains his joint action as a joint action, and shows that he is entitled to a joint recovery. *Weist* v. *Philadelphia,* 58 L. R. A., 666.

Our third point is one which goes to the merits of the case, and it is as follows: The declaration alleged, as shown before, that, by an agreement between the two railroad companies, the Gulf & Ship Island Railroad Company was using the tracks in the yard of the Illinois Central Railroad Company; and it alleges as the gravamen of the cause against the Illinois Central that the plaintiff was injured by the negligence of the Illinois Central Company's yardmaster. The fact is, we contend, as shown by the proof in the case, that, *pro hac vice,* the yardmaster, under the agreement between the two companies alluded to in the declaration, must be taken to have been yardmaster of the Gulf & Ship Island Company. As to the plaintiff, under the facts of the case, who was a Gulf & Ship Island employe, the Gulf & Ship Island Company was still liable, whether he was injured by the negligence of the conductor or the yardmaster, and the Gulf & Ship Island Company alone.

Granting that the yardmaster was in fault, under the agree-

ment alleged in the declaration and produced in court, the yardmaster in his supervision and direction of Gulf & Ship Island trains and employes was not the yardmaster of the Illinois Central Company, but was the yardmaster of the Gulf & Ship Island Company. In brief, if it be true that he was negligent in the management of this particular train, being the Gulf & Ship Island train, such train being where it was under and by virtue of the agreement which was called for by the plaintiff himself, the yardmaster was acting as a Gulf & Ship Island Company servant; and the court erred in its construction of the contract and the relations between the parties, and in allowing judgment to go against the Illinois Central instead of sending the case to the jury to be heard as against the Gulf & Ship Island Company.

*Brame & Brame,* for Thomas Harris, appellee in the appeal of the Illinois Central Railroad Company, and appellant as against the Gulf & Ship Island Railroad Company.

On the appeal by the Illinois Central Railroad Company only two points are involved: (1) The action of the court in refusing the application to remove the cause to the Federal court. (2) The Illinois Central Railroad Company's claim that it is not liable.

The case was not removable to the Federal court. There was no separable controversy. The very case cited by opposite counsel, *Railroad Co.* v. *Dixon,* 179 U. S., 131 (21 Sup. Ct., 67; 45 L. ed., 121), holds the contrary. See also *Winston's Administrator* v. *I. C. R. R. Co.* (Ky.), 65 S. W., 13 (55 L. R. A., 603); *Powers* v. *Railroad Co.,* 169 U. S., 92 (18 Sup. Ct., 264; 42 L. ed., 673); *Howe* v. *Railroad Co.* (Wash.), 70 Pac., 1100 (60 L. R. A., 949). This covers our case entirely.

If plaintiff has a cause of action against several defendants which is joint, or joint and several, and it is declared on jointly by plaintiff, defendants cannot, by tendering separate issues in

their answers, create separable controversies, so as to authorize a removal. *Stanbrough* v. *Cook* (C. C.), 38 Fed. Rep., 369 (3 L. R. A., 400, and authorities cited); *Crisler* v. *Ott,* 72 Miss., 166 (16 South., 416).

Counsel's contention that where plaintiff sues two defendants jointly as wrongdoers, and the court gives a peremptory instruction as to one over plaintiff's objection, the case should be dismissed as to the other, is unsound. This was not the rule at common law, and certainly is not under § 751, Code 1892. Even in actions *ex contractu* our statute abolishes distinction in remedies between joint and joint and several obligations. Code 1892, § 2353; *Steen* v. *Finley,* 25 Miss., 535.

The judgment against the Illinois Central. Railroad Company is correct, and it will not be reversed merely because it should have been, as well, against the other defendant. Code 1892, § 4378.

*McWillie & Thompson, E. J. Bowers,* and *James H. Neville,* for the Gulf & Ship Island Railroad Company, appellee in Harris' appeal.

When we come to a consideration of the facts of the case, the propriety of giving the peremptory instruction for the Gulf & Ship Island Railroad Company is, we think, perfectly manifest. It was shown by the plaintiff himself and all the witnesses —

(a) That the Gulf & Ship Island tracks terminate several hundred yards south of the place where plaintiff was injured.

(b) That the railroad yards where he was injured belonged to the Illinois Central Railroad Company.

(c) That these yards were under the control and management of an Illinois Central officer, the yardmaster, whose duty it was to see that no car or other obstruction was permitted to block the entrance to tracks.

(d) That the custom between the two railroads was for the Gulf & Ship Island engines and cars, when placed in the Illi-

nois Central yards, to be stationed on whatever track was desig-
nated by the Illinois Central yardmaster, and his directions
were always followed if he were present; and the Gulf & Ship
Island employes exercised no discretion in the matter save when
they found no Illinois Central officer at the yards to direct
them.

(e) That on the occasion in question, when the Gulf & Ship
Island train upon which plaintiff claimed to have been an em-
ploye, reached that company's yard (considerably distant south
from the Illinois Central yards), the train was disposed of
there, the conductor directing plaintiff and his fellow-servants
in charge of the engine and caboose "to back up in the yard
(I. C. yard) and take the caboose up in the yard and set it out."
The conductor remained at the Gulf & Ship Island office, a long
way south of the Illinois Central yard where plaintiff was
injured.

(f) When plaintiff and his fellow-servants reached the Illi-
nois Central yards they were directed, according to custom, by
the Illinois Central yardmaster to go on the track designated as
No. 3, and they undertook to do so, not because of the con-
ductor's direction—he did not designate any track—but because
of the order from the Illinois Central yardmaster, and plaintiff
received his injuries while attempting to follow the yardmas-
ter's order.

Surely the conductor was not guilty of negligence in direct-
ing the crew "to take the caboose up in the yard and set it
out," this being the customary disposition made of cabooses
when trains reached Jackson. He was under no duty to go
along with the crew and protect them from collisions. He did
not know that track No. 3 was obstructed. He did not order
them to go on that track. He did have a right to expect that
the Illinois Central yardmaster would give the crew directions
when they reached the yards; but he did not know what track
the yardmaster would order used on the occasion in question.
It must be remembered, too, that the declaration shows that

the flat car protruded over track No. 3 was an Illinois Central car, and it, as well as the testimony, shows that the Illinois Central yardmaster controlled the yards and the movement and locating of cars therein. If the accident had happened on a Gulf & Ship Island track, that company would not be liable to plaintiff. Suppose an Illinois Central car was placed, through the negligence of an Illinois Central yardmaster, so near a Gulf & Ship Island track as to prevent the passage of a train of the last named company, and the officers and agents of that company did not know it, and had not had opportunity to be informed of it, and one of its employes was injured because thereof, who would be liable? The Gulf & Ship Island Railroad Company would not be liable any more than it would be liable to an employe for an injury arising from the act of some malicious person in obstructing the track at night two minutes before the arrival of its train.

The court will observe that a most flagrant error was committed against the Gulf & Ship Island Railroad Company in permitting what was called a printed copy of a contract between the two defendants to be read in evidence over its objection.

The plaintiff's having withdrawn his objection to the copy did not make it admissible as against the objecting defendant, the Gulf & Ship Island Railroad Company. If the court allowed such incompetent evidence to be introduced on the idea that it was competent between the defendant offering it and the plaintiff, it was under duty to protect the defendant against whom it was clearly incompetent from its effects. Had the case against our client been passed upon by the jury, the court could not rightfully have refused us an instruction that the contract was not evidence against our client. Therefore, when the court acted upon the peremptory instruction asked by us, it could not rightfully consider the contract as evidence against the Gulf & Ship Island Railroad Company.

Our view of the law of evidence applicable to the subject is this: In an action for tort brought against two or more defend-

ants where evidence is offered which is incompetent as against one of the defendants, but competent as .between the other parties, it may be admissible; but the court should to the full extent of its power protect the defendant against whom it is incompetent from its effect, and in case such defendant applies for a peremptory instruction in his favor, the court should not consider the incompetent evidence in determining whether to give or refuse the instruction. *Whitney* v. *Farris,* 10 Johnson, 66.

We have been unable to find anything in the contract, an asserted printed copy of which was offered in evidence, which tends to make out a case for the plaintiff against the Gulf & Ship Island Railroad Company; but if any such thing can be pointed out, it cannot be availed of in this case without violating the rights of that company to be held liable, if at all, only upon competent evidence of its liability.

That is not all. The custom and practical operation of affairs between the two railroad companies, as shown by the evidence, contradicts any construction of the copy of the contract which would impose liability in this case on the Gulf & Ship Island Railroad Company.

If there is any liability to plaintiff, it grew out of the negligence .of the Illinois Central yardmaster. The testimony all shows that he was not the agent of the Gulf & Ship Island Railroad Company, but of the Illinois Central Railroad Company. There is nothing in the copy of the contract which made him the Gulf & Ship Island Railroad Company's agent.

Argued orally by *Edward Mayes,* for the Illinois Central Railroad Company; by *L. Brame,* for Thomas Harris; and by *R. H. Thompson,* for the Gulf & Ship Island Railroad Company.

CALHOON, J., delivered the opinion of the court.

The declaration in this case sets up a claim by Harris for damages for personal injuries against the appellant, the Illinois

Central Railroad Company, and the Gulf & Ship Island Railroad Company, appellee in Harris' appeal.     It avers that by an. arrangement between the two companies, existing for a long time, the Gulf & Ship Island used the spur tracks and switches in the yards of the Illinois Central, which yards were under the control of the Illinois Central, through its yardmaster, who controlled and directed the movements of the locomotives and cars of both companies in those yards, and that it was the duty of both companies to use proper care in switching to prevent harm to employes; that a failure to observe such care caused injury to Harris, the facts being that Harris was a brakeman of the Gulf & Ship Island Railroad, and working as such on the caboose of a freight train.     The locomotive which pulled the train into the city of Jackson went with it onto the "Y" of its company, and, according to the custom, under the arrangement, it backed the caboose on a sidetrack of the Illinois Central under the order of the Gulf & Ship Island conductor to put it "on this track, or on one of the switch tracks," and the yardmaster of the Illinois Central ordered the caboose to be placed on track No. 3, and, in so placing it, it encountered the corner of a flat car of the Illinois Central negligently left protruding over the way, but not visible to the brakeman, Harris, and by which collision he was badly hurt.     The switch light indicated a clear way, and it was, the declaration avers, "negligent and careless on the part both of the said [Gulf & Ship Island] conductor and the said [Illinois Central] yardmaster to order plaintiff, unwarned, into this position of peril."     This declaration, of which the foregoing is the substance, was confronted with a petition for removal to the Federal court by the Illinois Central Railroad Company on the ground that it is a nonresident corporation, and that the controversy as to it is separable from that between plaintiff and its co-defendant, the Gulf & Ship Island Railroad Company.     This petition was refused, and this is assigned as error.     We affirm this ruling on the face of the declaration, which must determine the matter,

certainly in the absence of any pretense of a scheme to defeat the Federal jurisdiction. If the plaintiff had, in the course of the trial, discontinued his action as to the resident defendant, and this petition for removal had been then interposed, a different question would be before us. But it cannot alter the case that, after the *bona fide* prosecution to an end, the court saw fit, on the evidence, to give a peremptory instruction in favor of the home company. That may have resulted from some defect in the evidence as to the resident defendant. It possibly, if not probably, resulted, in the case before us, from the nonproduction by defendant, Illinois Central Railroad Company, of the original written joint traffic arrangement between it and the Gulf & Ship Island Railroad Company. The consent of the plaintiff that a copy of it be read could not affect the defendant, the Gulf & Ship Island, which objected; and the agreement of plaintiff with one co-defendant to the introduction of incompetent testimony cannot oust the jurisdiction of the cause. We think the right clear to bring a joint action in tort against wrongdoers, and do not think this right affected by the existence or nonexistence of the relation of master and servant between some of them and the actors in the tort, or because defendants were independent corporations, as in the present case.

We rely upon the cases cited in the brief of counsel for appellee in support of our conclusions, and here approve a quotation from the opinion in *Powers* v. *Railroad Company,* 169 U. S., 97, which is: "It is well settled that an action of tort, which might have been brought against many persons, or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the circuit court of the United States, even if they file separate answers and set up different defenses from the other defendants and allege that they are not jointly liable with them and that their own controversy with the plaintiff is a separate one; for, as the

court has often said, a defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings."

After careful examination of the record, we find no error in it.

*Affirmed on both appeals, at costs of the Illinois Central Railroad Company.*